# CLERK'S MINUTE SHEET
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO (AT ALBUQUERQUE)

Before the Honorable Karen B. Molzen, United States Magistrate Judge

Arraignment/Detention Hearing

| | | | |
|---|---|---|---|
| Case Number: | 24CR713-DHU | UNITED STATES vs. NAVAHO | |
| Hearing Date: | 6/6/2024 | Time In and Out: | 10:06 a.m. -10:10 a.m. / 10:34 a.m.- 10:55 a.m. |
| Courtroom Deputy: | C. Padilla | Courtroom: | Rio Grande |
| Defendant: | Brittania Navaho | Defendant's Counsel: | Alicia LaPado |
| AUSA: | Eliot Neal | Pretrial/Probation: | Mindy Pirkovic |
| Interpreter: | | Witness: | |

## Proceedings

- ☐ First Appearance by Defendant
- ☐ Defendant waived appearance at Arraignment
- ☒ Defendant received a copy of charging document
- ☒ Defendant questioned re: time to consult with attorney regarding penalties
- ☒ Defendant waives reading of Indictment
- ☒ Defendant enters a Not Guilty plea
- ☒ Motions due by: Wednesday, June 26, 2024
- ☒ Parties agree Standing Discovery Order to be electronically entered   ☐ Discovery Order previously entered   ☐ Discovery Order not entered; parties to confer pursuant to Rule 16.1(a) within 14 days
- ☒ Case assigned to: Judge Urias
- ☒ Trial will be scheduled by presiding judge   ☐ Trial currently set
- ☐ Defendant waives right to contest detention
- ☒ Court addresses Government regarding detention, Government moves to detain. Court will come back to this matter, calls next case. Government proffers grounds for detention; Probation responds; Government continues and adds that if Defendant is released it be to a halfway house; Defense responds; Court addresses probation; Probation responds; Defense offers release on GPS monitoring; Court addresses release; Government responds; Court denies release.

## Custody Status

- ☒ Defendant remanded to custody of United States Marshal's Service
- ☐ Conditions

## Other

- ☐ Defendant waives personal presence at hearing/Court accepts Defendant's waiver
- ☐ Pursuant to the Due Process Protections Act, Court confirms the United States obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so.